**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 21-36-DLB**

**GABRIEL ISAIAH ADKINS** **PLAINTIFF**

**v.** **MEMORANDUM OPINION AND ORDER**

**SOUTHERN HEALTH PARTNERS and KAREN BAKER** **DEFENDANTS**

*** *** *** ***

Inmate Gabriel Adkins has filed a *pro se* civil Complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court has granted his motion to proceed *in forma pauperis* by prior Order.[1] (Doc. # 5). The Court must review the Complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the Complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his Complaint, Adkins first sets forth the definition of "abuse" found in 42 C.F.R. § 488.301 *verbatim*. (Doc. # 1 at 2-3). He then alleges that on September 20, 2020, and again on March 14, 2021, unidentified "nursing staff" at the Boyd County Detention Center where he is confined discontinued his psychiatric medications "with or without" his being

---

[1] Adkins is subject to the "three-strikes" bar of 28 U.S.C. § 1915(g). *See Adkins v. Duval*, No. 0:15-CV-79-HRW (E.D. Ky. 2015) (Doc. # 4 therein). However, the Court granted him *pauper* status in this case out of an abundance of caution due to the nature of his allegations.

seen by a "psychiatric provider" beforehand. Adkins indicates that he is addicted to opioids and is mentally disabled, and further alleges that he has not been provided psychiatric care. (*Id*. at 3). Adkins asserts that these events violate his rights under several sections of the Kentucky Constitution, one Kentucky administrative regulation, and three federal regulations - 42 C.F.R. § 488.301, 42 C.F.R. § 488.331, and 21 C.F.R. § 1321.01. (Doc. # 1 at 4). Adkins names as defendants Karen Baker, whom he describes as a "medical and/or psychiatric provider," and Southern Health Partners ("SHP"). (*Id*. at 1). However, he makes no allegations against either defendant.

The Complaint must be dismissed because it does not assert a viable federal claim against the defendants. As noted above, while Adkins lists Baker and SHP as defendants, he makes no allegations against either of them. The Complaint therefore fails to state a claim under any legal theory. While the Court has an obligation to generously construe a *pro se* complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it is not required to conjure up claims that are not squarely presented. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See also Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted); *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("Even a *pro se* prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . . .").

Even if Adkins had explained the factual basis for his claims against Baker and SHP, none of the federal regulations he cites provides a legal basis for a claim against

them. The first federal regulation he cites, 42 C.F.R. § 488.301, is only a definitional section related to reimbursement under Medicaid for care provided by "nursing facilities." Boyd County Detention Center where he is confined is not a "nursing facility" within the meaning of the regulations. In any event, federal law provides that if allegations of abuse or neglect are made about a nursing facility, the authority to investigate and institute legal action based upon them is vested with the appropriate state agency, not private citizens. *See* 42 C.F.R. §§ 488.335, 488.401 *et seq.* The second regulation, 42 C.F.R. § 488.331, provides an alternative mechanism to resolve disputes regarding the certification of long term care facilities. The third, 21 C.F.R. § 1321.01, provides only a list of mailing addresses for sending correspondence related to specific functions of the Drug Enforcement Agency. None of these regulations contain substantive rules which may be violated, a necessary predicate to state a cause of action. And if they did, federal law does not create or authorize a private right of action to enforce these provisions. Adkins's federal claims must therefore be dismissed with prejudice.

Having dismissed all of the federal claims over which the Court has original subject matter jurisdiction, the Court may decline to exercise supplemental jurisdiction over any claims in the Complaint arising under state law. 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is

a strong presumption in favor of dismissing supplemental claims.”). The Court will therefore dismiss Adkins’s state law claims without prejudice. Accordingly,

**IT IS ORDERED** as follows:

(1) Plaintiff Gabriel Adkins’s Complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE** with respect to claims arising under federal law. All claims arising under state law in the Complaint are **DISMISSED WITHOUT PREJUDICE**; and

(2) This matter is **STRICKEN** from the Court’s active docket.

A Judgment will be entered contemporaneously herewith.

This 18th day of May, 2021.




J:\DATA\ORDERS\PSO Orders\0-21-36 MOO Dismissing Claims.docx